IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Susan R. Sturgill, | NO. C 04-03867 |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| Jo Anne B. Barnhart,<br>Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Susan R. Sturgill ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, as amended, and 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration regarding her claim for Social Security disability benefits. Plaintiff was deemed to no longer qualify for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., after June 29, 1996. Presently before this Court is Plaintiff's Motion for Summary Judgment, Docket Item No. 13, filed on March 21, 2005 ("Plaintiff's Motion"), and Defendant's Cross-Motion for Summary Judgment, Docket Item No. 16, filed on May 20, 2005 ("Defendant's Motion"). For the reasons set forth below, this Court REMANDS this case to the Commissioner of Social Security for further proceedings consistent within this Order.

## II.  BACKGROUND

Plaintiff, who is currently 49 years old, suffers from neck, shoulder, elbow, wrist, knee and lower back pain arising from a work-related injury that took place when Plaintiff was 39 years old. Plaintiff has an eleventh grade education and has past relevant work experience as an advertisement checking supervisor, a school bus driver, and a customer service representative. Plaintiff has not worked since September 1994, and alleges that she is no longer able to do the work that she is qualified for based upon her neck, shoulder, elbow, wrist, knee and lower back pain. The record in this case contains evaluations of Plaintiff's physical condition by Michael Kan, M.D., Jeffrey T. Holmes, M.D., Reginals McCoy, M.D., William A. J. Ross, M.D., Jerwin Wu, M.D., Jeffrey D. Coe, M.D., John J. Lettice, M.D., Lakshmi Madireddi, M.D.

Plaintiff applied for Social Security disability insurance on April 20, 1995, alleging that she became disabled on September 6, 1994. After Plaintiff's claim was denied initially by the Social Security Administration, and then again upon reconsideration, Plaintiff's claim was heard before an Administrative Law Judge ("ALJ"), who also denied Plaintiff benefits. On September 6, 2000, Plaintiff filed an action with the United States District Court for the Northern District of California, Civil Action Number 00-20926 RMW. On May 30, 2001, the District Court reversed and remanded the agency's decision to the Commissioner of Social Security to determine whether there was medical improvement in Plaintiff's condition related to her ability to engage in substantial gainful activity. A third administrative hearing was subsequently held which led to a partially favorable decision determining that Plaintiff was disabled from February 6, 1994 through July 29, 1996, but not thereafter. The ALJ relied upon the testimony of a vocational expert to determine whether the Plaintiff was now able to obtain substantial gainful employment. Upon the Appeals Council's denial to review the ALJ's decision, Plaintiff brings this action for Summary Judgment based on 42 U.S.C. § 405(g) before this Court.

## III.  STANDARDS

To be eligible for Social Security disability benefits, the claimant must be disabled. Miller v.

Heckler, 770 F.2d 845, 849 (9th Cir. 1985). Under 42 U.S.C. §§ 423(d)(1)(A), the term "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). Further, the terms "physical or mental impairment" means the impairment results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423 (d)(3). A prerequisite for determining whether a claimant's subjective allegations are disabling pain require a claimant to produce objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A). Bunnel v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). A person is disabled only if the impairment is so severe as to preclude not only performance of his previous work, but also, considering the claimant's age, education and work experience, performance of "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones v. Heckler, 770 F.2d 845, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive. Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). If there is sufficient evidence to support the ALJ's determination, then the court cannot substitute its judgment for that of the Commissioner. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). Often no one ailment causes the alleged disability, but rather a collection of ailments work together to create one. The ALJ must consider the combined impact of

conditions which, although not independently severe enough to cause disability, act in concert to create disability. See Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir. 1987).

## IV. DISCUSSION

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. See also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process includes a determination of (1) whether the claimant is engaging in substantial gainful activity, (2) whether the claimant has a "severe" impairment, (3) whether the claimant's impairment or combination of impairments meets or equals an impairment listed in 20 C.F.R., Pt. 404, Subpt. P., App. 1, (4) whether the claimant is no longer capable of performing his past work, and (5) whether the claimant has the residual functional capacity to perform other work. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id. "If the Commissioner meets the burden [of showing step five], the claimant is *'not disabled'* and therefore not entitled to disability insurance benefits. If the Commissioner cannot meet this burden, then the claimant is *'disabled'* and therefore entitled to disability benefits." Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (emphasis in original).

In the case at hand, the first four steps of the five-step sequential process are not in contention. Plaintiff challenges the ALJ's findings on two grounds. First, that the ALJ improperly concluded that Plaintiff has the residual functioning capacity to perform other work based upon transferable skills from her past relevant work (step five of the five-step evaluation process). Specifically, Plaintiff contends that the ALJ improperly made a finding that Plaintiff had transferable skills without identifying the specific skills actually acquired by Plaintiff. Second, that the ALJ did not consider Plaintiff's subjective complaints for the period in question.

//

//

4

**1. Additional Findings Regarding the Number of Available Positions for which Plaintiff is Qualified Are Necessary**

Once a claimant establishes a prima facie case of disability by demonstrating that she cannot return to her former employment, the burden then shifts to the Commissioner to show that the claimant can perform other types of work in the national economy. See Bowen, 482 U.S. at 146 n. 5. The Commissioner may satisfy this burden by taking the testimony of a vocational expert if there is no other reliable evidence of a claimant's ability to perform specific jobs. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ must show other substantial work exists in the national economy which corresponds to Plaintiff's abilities, given the claimant's age, education and work experience. Tackett, 180 F.3d at 1101. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. Tackett, 180 F.3d at 1101. Remand has been held necessary where an ALJ fails to consider a claimant's abilities and limitations on the number of jobs available in the economy. Kail v. Heckler, 722 F.2d 1496, 1498 (9th Cir. 1984).

Darlene McQuary, the vocational expert ("VE"), testified at the request of the ALJ during the third administrative hearing. The VE testified that someone in Plaintiff's physical condition could perform work in a reception security position. The VE testified that there are approximately 6,000 such jobs in the regional economy. Reception security is not listed in the Dictionary of Occupational Titles ("DOT") because it is a relatively new job. Although there is no specific job description available in the DOT, the VE testified that reception security includes sitting for extended periods, and performing security screening of visitors which includes taking signatures and providing access badges. The VE further testified that based upon the relatively new position of reception security, there are no statistics on the amount of reaching, handling, fingering and feeling that is required since there is no separate classification for this position by the DOT. (Administrative Record, hereinafter "AR," at 374). The VE testified that certain reception security positions involve typing as a job duty, yet failed to distinguish between the number of security reception jobs available which require typing as a job duty, and those that do not. Plaintiff's medical condition prevents her from performing repetitive activities such as typing.

5

The VE testified that Plaintiff's past relevant work as a newspaper advertisement checking supervisor is skilled specific vocational preparation ("SVP") level 6 sedentary work, but that Plaintiff performed these duties at a light level of exertion. The VE determined that Plaintiff's transferable skills as acquired at her past relevant work include the Plaintiff's ability to deal with the public, and customer service skills. However, the VE testified that certain security reception positions involve handling a multi-line telephone system, a skill which Plaintiff does not have. The VE testified that Plaintiff would require further training in order to qualify as a security receptionist. The Commissioner has failed to meet her burden of proof at the fifth step of the five-step sequential process by demonstrating how many positions as a security receptionist are available in the regional economy that the Plaintiff is qualified for based upon age, education, skills and her impairments which do not require typing or handling a multi-line telephone system.

**2. The ALJ Improperly Disregarded Plaintiff's Subjective Complaints for the Period in Question**

The Plaintiff testified that she is unable to sit for longer than 15 minutes at a time, at which point she needs to lie down. The Plaintiff also testified that she experiences significant limitations in her ability to use her hands for holding and grasping objects, and for performing fine finger activities. If Plaintiff's subjective complaints of pain after sitting for extended periods of time are taken as true, the VE determined this would preclude her from performing a reception security position. Plaintiff testified that the side effects of her medication affect her pace, persistence, and productivity. The VE determined that these side effects would preclude her from performing a security reception position as well.

It is unclear on what evidence the ALJ determined that Plaintiff's complaints lack credibility. Although an adjudicator may find a claimant's allegations of severity not credible, the adjudicator must specifically make findings which support this conclusion. Bunnell, 947 F.2d at 345 (once a medical finding establishes an impairment, the adjudicator must then consider the claimant's alleged severity of pain.) The ALJ noted that Plaintiff lacks disuse muscle atrophy, a condition normally associated with an individual incapable of moving. However, the ALJ failed to fully articulate her reasons for denying benefits in light of Plaintiff's other ailments. Plaintiff's underlying objective medical problems have

substantial evidence of an underlying impairment. The adjudicator may not reject the claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain. Bunnell, 947 F.2d at 345-46. The mere fact that testimony is self-serving is not sufficient grounds to discount the testimony. Rashad v. Sullivan, 903 F.2d 1229 (9th Cir. 1990) (citation omitted).

None of the reporting doctors suggested that Plaintiff was exaggerating her symptoms. Both doctors' reports and medical records substantiate the existence of numerous medical problems which could cause problems of the magnitude complained of by Plaintiff. Further, the Social Security Act specifically provides for consideration of the Plaintiff's age, education, work experience, and emotional well-being in determining eligibility for payments under the Act. C.F.R. § 404.1502.

On remand, should the ALJ determine that Plaintiff is still not qualified for an additional period of benefits, the ALJ must fully articulate the reasons for denying benefits in light of Plaintiff's subjective complaints.

## V. CONCLUSION

Based upon the foregoing, this Court REMANDS this case to the Commissioner of Social Security for further administrative proceedings consistent with this Order. On remand, the ALJ must fully develop the record by questioning the VE as to the number of positions available for the Plaintiff in the regional economy applicable to her age, education, work experience and physical ailments. Further, should the ALJ determine that Plaintiff is still not qualified for an additional period of benefits, the ALJ must fully articulate the reasoning for denying benefits in light of Plaintiff's subjective complaints.

Dated: August 12, 2005.  /s/ James Ware
04cv3867sj                JAMES WARE
                          United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harvey Peter Sackett hps@hpspc.com
Sara Winslow sara.winslow2@usdoj.gov

**Dated: August 12, 2005**                          **Richard W. Wieking, Clerk**

                                                          **By:\_\_\_/jwchambers/_____**
                                                                **Ronald L. Davis**
                                                                **Courtroom Deputy**